# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CRIMINAL ACTION** |
| v. ) | |
| ) | **No. 10-20029-CM** |
| **KENNETH G. LAIN, JR.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

On February 25, 2010, defendant Kenneth Lain was indicted in a one-count indictment for willfully transferring a firearm from Missouri to Kansas, where neither he nor the Kansas recipient, Carroll Hill, were federally licensed firearms dealers. 18 U.S.C. §§ 922(a)(5), 924(a)(1)(D). A superseding indictment was filed on April 22, 2010, which charged the same original count and, in a new second count, charged defendant with transporting a firearm while under indictment. 18 U.S.C. §§ 922(n), 924(a)(2). On the government's motion, filed that same day, Count II was dismissed. Now before the court is defendant's Motion to Dismiss the Superseding Indictment on Grounds of Prosecutorial Misconduct (Doc. 16). For the reasons that follow, the motion is denied.

In 2008, defendant had been investigated by ATF and was ultimately indicted in the United States District Court for the Western District of Missouri for theft of a firearm. That indictment was dismissed on November 11, 2008, after defendant agreed to be placed on diversion.[1]

As the instant case developed toward trial, the government obtained the superseding

---

[1] Apparently, due to defendant's membership in the United States Army Reserve, he was specifically given permission to have, possess, and use firearms while on diversion.

indictment under the theory that, at the time the original offense was committed, defendant was still under indictment in Missouri and therefore the transfer of the firearm from Missouri to Kansas constituted a separate offense under 18 U.S.C. 922(n) and 924(a)(2).

Defense counsel informed the Assistant United States Attorney that the indictment in the Western District of Missouri had been dismissed before the commission of the offense alleged in this case. The Assistant United States Attorney filed a motion to dismiss the second count immediately after the superseding indictment was filed, noting that defendant was not, in fact, under indictment in the Western District of Missouri at the time he allegedly committed the offense in Count I. The court granted the motion. The case is set for trial on May 10, 2010, on the original count. There is also a forfeiture allegation, which is unchanged from that contained in the original indictment.

Defendant alleges that the Assistant United States Attorney, as well as the ATF agent who testified before the grand jury, committed misconduct by informing the grand jury of false and inaccurate information, and that the government was grossly negligent in pursuing the superseding indictment. Defendant asks this court to dismiss the superseding indictment on the basis that it served only to (1) bolster the prosecution's case by adding an additional charge; (2) cast defendant in a negative light by putting evidence of prior bad acts before the jury; and (3) obtain a delay in the proceedings. He asserts that the grand jury proceedings were fundamentally unfair and suggests that, although Count II was dismissed, this court should presume that the prejudice runs to the remaining Count I.

The court disagrees. The remedy of dismissal of an indictment on grounds of prosecutorial misconduct before the grand jury is an extraordinary one. It is applied to ensure proper standards of conduct by the prosecution. *See United States v. Pino*, 708 F.2d 523, 530 (10th Cir. 1983) (citing

*United States v. Thibadeau*, 671 F.2d 75, 77–78 (10th Cir. 1982)). An indictment may be dismissed for prosecutorial misconduct that is flagrant to the point there is some significant infringement on the grand jury's ability to exercise independent judgment. *Pino*, 708 F.2d at 530. However, prosecutorial misconduct alone is not a valid reason to dismiss an indictment. *See United States v. Kilpatrick*, 821 F.2d 1456, 1465 (10th Cir. 1987).

Even assuming some misconduct, defendant does not show a significant infringement on the grand jury's impartiality. Here, the count allegedly obtained by misconduct was dismissed at the request of the government after it discovered its error. There is no suggestion that the sole count of the original indictment, which is now the only count remaining against defendant, was obtained in an improper matter. And there is no evidence of prejudice or infringement on the grand jury's independent functioning as to that count in either the original or the superseding grand jury proceeding. *See Kilpatrick*, 821 F.2d at 1466.

Moreover, a harmless error inquiry is applicable to the present motion to dismiss: because the offending portion of the superseding indictment has been dismissed and the case is proceeding on the same charge and according to the same schedule as it was previously, defendant's arguments are unconvincing. The record in this case does not support a finding of prejudice. Therefore, the motion is denied. *United States v. Reed*, No. 88-10049, 1990 WL 66043, at *2 (D. Kan. Apr. 24, 1990); *Bank of Nova Scotia v. United States*, 487 U.S. 250, 254 (1988).

**IT IS SO ORDERED**.

Dated this 4th day of May 2010, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**