# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KENNETH G. LAIN, JR., )<br>)<br>Defendant. )<br>) | CRIMINAL ACTION<br><br>No. 10-20029-CM |

## MEMORANDUM AND ORDER

After a three-day jury trial, defendant Kenneth Lain was acquitted of the sole charge of willfully transferring a firearm from Missouri to Kansas, where neither he nor the Kansas recipient, Carroll Hill, were federally licensed firearms dealers. 18 U.S.C. §§ 922(a)(5), 924(a)(1)(D). Before the court is defendant's motion for attorney's fees (Doc. 35). For the reasons that follow, the motion is denied.

**I.    Factual and Procedural Background**

In 2008, defendant Kenneth Lain had been investigated by ATF and was ultimately indicted in the United States District Court for the Western District of Missouri for theft of a firearm. That indictment was dismissed on November 11, 2008, after defendant agreed to be placed on diversion.[1]

On February 25, 2010, defendant was indicted in a one-count indictment for willfully transferring a firearm from Missouri to Kansas, where neither he nor the Kansas recipient, Carroll Hill, were federally licensed firearms dealers. 18 U.S.C. §§ 922(a)(5), 924(a)(1)(D).

---

[1] Apparently due to defendant's membership in the United States Army Reserve, he was specifically given permission to have, possess, and use firearms while on diversion.

A superseding indictment was filed on April 22, 2010, which charged the same original count and, in a new second count, charged defendant with transporting a firearm while under indictment. 18 U.S.C. §§ 922(n), 924(a)(2). However, the government filed a motion to dismiss the second count immediately after the superseding indictment was filed, noting that defendant was not, in fact, under indictment in the Western District of Missouri at the time he allegedly committed the offense in Count I. The court granted the motion.

The case went to trial on May 10, 2010, on the original count. After a two-day trial, at which defendant presented no evidence other than through cross-examination, the jury returned a verdict of not guilty after deliberations lasting approximately thirty (30) minutes.

Defendant now asks this court to order the United States to pay his reasonable attorney's fees under the Hyde Amendment, 18 U.S.C. § 3006A, (Pub. L. No. 105-119, Title VI, § 617, 111 Stat. 2440, 2519 (1997)), arguing that the prosecution against him was frivolous, vexatious, and in bad faith because: (1) there was insufficient evidence to support the charge; (2) the second count of the superseding indictment was obtained negligently; and (3) defendant was the victim of selective prosecution.

**II.  Standards**

The Hyde Amendment permits the court, "'. . . in any criminal case . . . [to] award a reasonable attorney's fee and other litigation expenses, where the court finds that the position of the United States was vexatious, frivolous, or in bad faith. . . .'" *In re Special Grand Jury 89-2*, 450 F.3d 1159, 1167 (10th Cir. 2006) (quoting *United States v. Robbins*, 179 F.3d 1268, 1270 (10th Cir. 1999), Pub. L. No. 105-119, 111 Stat. at 2519)). The Hyde Amendment provides redress for active and knowing prosecutorial misconduct; where the charges are brought solely to annoy or embarrass,

or were advanced in bad faith; or where the government's position is "foreclosed by binding precedent or so obviously wrong as to be frivolous." *See United States v. Yuajar*, No. 05-10118-JTM, 2006 WL 133439, at *2 (D. Kan. Jan. 13, 2006) (citing *United States v. Gilbert*, 198 F.3d 1293 (11th Cir. 1999); *United States v. Braunstein*, 281 F.3d 982, 995 (9th Cir. 2002)). Because it involves a waiver of sovereign immunity, the Hyde Amendment must be strictly construed. *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685–86 (1983); *United States v. Knott*, 256 F.3d 20, 27 (1st Cir. 2001). The defendant bears the burden to establish that the government's prosecution was vexatious, frivolous, or pursued in bad faith. *See United States v. Manchester Farming P'ship*, 315 F.3d 1176, 1182 (9th Cir. 2003). Moreover, a "presumption of regularity supports . . . prosecutorial decisions and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties." *United States v. Armstrong*, 517 U.S. 456, 464 (1996) (quotation omitted). With these standards in mind, and after reviewing the briefs, the record, and relevant law, the court finds that defendant is not entitled to attorney's fees.

**III. Discussion**

    **A. Sufficiency of the Evidence Supporting the Charge**

At trial, the government presented evidence that authorities began investigating defendant after he was charged with violating several municipal ordinances in Shawnee, Kansas, in September 2009. During a traffic stop, police learned that defendant was in possession of a .40 caliber Glock owned by Thomas Skiver. ATF Special Agent Roger Stous was assigned to the investigation, and learned that Skiver had loaned the firearm to defendant under the pretense that defendant was using it for shooting practice. In actuality, defendant used this firearm—which he did not own—as collateral to acquire a second firearm, a .38 caliber revolver, from Thomas Hart. When Hart let defendant borrow the .38, he believed that the .40 caliber Glock belonged to defendant. Defendant

-3-

then purported to give this .38 caliber revolver—which he did not own—to Carroll Hill, as a gift. The transfer to Hill crossed state lines and failed to involve a federal firearms licensee ("FFL").

Defendant did not dispute that he committed the acts charged—only that he did not do so in "willful" violation of the law. The issue of defendant's intent was clearly the question before the jury. *See United States v. Whitman*, 665 F.2d 313, 318 (10th Cir. 1981) ("The issue of intent is particularly within the province of the jury") (citations omitted). To support a guilty verdict, the government had to prove beyond a reasonable doubt that defendant acted willfully, that is, with knowledge that his conduct was unlawful.

There was no evidence that defendant knew about the statute requiring the involvement of an FFL when giving a gun to someone in another state. It is on this basis that defendant asserts the prosecution was without a foundation in law or fact and was therefore frivolous. Defendant argued that, because he was unaware of the law, his conduct could not have been willful. That is, he did not intend to act in violation of the statute.

The government argued that defendant need not have been aware of the specific law that his conduct was violating, but must have acted with the intent to do something unlawful, *i.e.*, not innocent. The government's position, with which the jury apparently did not agree, was that defendant's conduct in deceiving his friends out of their guns and gifting the .38 caliber gun to Hill, when the gun was not his to give, evidenced his unlawful intent. Such a position is not contrary to law. *See Bryan v. United States*, 524 U.S. 184 at 190, 199, 201 (1998); *United States v. Wenger*, 427 F.3d 840, 851–52 (10th Cir. 2005). Although the prosecution was unsuccessful, there was both a legal and factual basis for the charge. The court does not find that it was frivolous, or brought in bad faith.

  B.  **The Superseding Indictment**

Defendant alleged that the Assistant United States Attorney, as well as the ATF agent who testified before the grand jury, committed misconduct by informing the grand jury of false and inaccurate information, and that the government was negligent in pursuing the superseding indictment.[2] He argues that this evidences the government's vexatious intent. The court previously found that, despite the mistake, there was no significant infringement on the grand jury's impartiality; the sole count of the original indictment, which was the count on which defendant was tried, was obtained in a proper manner; and misconduct, if any, caused no prejudice. Defendant now suggests that the superseding indictment was obtained only to harass him for exercising his Sixth Amendment right to trial. The court finds the argument unconvincing. Nothing in the record suggests that the government sought the superseding indictment for the purpose of harassing, irritating, or annoying defendant. Nor is there evidence, aside from defendant's conclusory accusations, that the prosecution was motivated by ill will or malice. The count allegedly obtained by misconduct was dismissed at the request of the government immediately after it discovered its error, and the case proceeded to trial on the original charge and according to the same schedule as previously set.

### C. Selective or Vindictive Prosecution

The government has broad discretion as to whom it prosecutes and on what charges, *see Wayte v. United States*, 470 U.S. 598, 607–08 (1985), and a presumption of regularity supports prosecutorial decisions. *United States v. Deberry*, 430 F.3d 1294, 1299–1300 (10th Cir. 2005) (citing *United States v. Armstrong*, 517 U.S. 456, 464 (1996)). Courts treat selective-prosecution claims with caution, and the standard defendant must reach is a demanding one. *Armstrong*, 517

---

[2] This argument was previously raised in a pretrial Motion to Dismiss the Superseding Indictment on Grounds of Prosecutorial Misconduct (Doc. 16), which this court denied.

U.S. at 464; *Deberry*, 430 F.3d at 1299. In the absence of clear evidence to the contrary, courts addressing selective-prosecution claims presume that prosecutors have properly discharged their official duties. 430 F.3d at 1299. Defendant argues that he was a victim of selective and/or vindictive prosecution because Hill, who was similarly situated, was not prosecuted. Defendant offers nothing other than this conclusory assertion in support of his argument. He falls far short of providing "clear evidence" that the prosecution violated equal protection. *Armstrong*, 517 U.S. at 464–65; *Deberry*, 430 F.3d at 1299.

In any case, the court finds that Hill was not similarly situated, because the circumstances surrounding Hill's receipt of the gun were not suspicious or otherwise indicative of criminal intent. Hill testified that he believed the .38 caliber was being given to him as a gift, for him to keep, and that he had no reason to believe that it was not defendant's to give. Defendant, on the other hand, had engaged in a chain of deceptive acts in order to accomplish the transfer.

The Hyde Amendment's "plain language, reinforced by its legislative history . . . , places a daunting obstacle before defendants who seek to obtain attorney fees and costs from the government following a successful defense of criminal charges." *Gilbert*, 198 F.3d at 1302–03. Defendant's efforts in this petition fall short of clearing that obstacle. The government was unsuccessful in its prosecution, and defendant was acquitted. But the court does not find that the prosecution was frivolous, vexatious, or brought in bad faith. Accordingly, defendant's petition is denied.

**IT IS THEREFORE ORDERED** that defendant's Petition for an Order and Findings that Defendant Lain is Entitled to Attorneys Fees Payable by the United States Department of Justice and/or The Bureau of Alchol, Tobbaco and Firearms with Suggestions in Support (sic.) (Doc. 35) is denied.

Dated this 3rd day of August, 2010, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**